Robert L. Epstein (RE 8941)
Jason M. Drangel (JD 7204)
William C. Wright (WW 2213)
EPSTEIN DRANGEL BAZERMAN & JAMES, LLP
60 East 42nd Street, Suite 820
New York, NY 10165
Tel.: (212) 292-5390
Fax: (212) 292-5391

*Attorneys for Plaintiff*
*Jimlar Corporation*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JIMLAR CORPORATION<br>d/b/a THE FRYE COMPANY,<br><br>Plaintiff,<br><br>-against-<br><br>MR. STEPS.COM and ARTHUR KWOK<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br>**AND JURY DEMAND** |

---

Plaintiff JIMLAR CORPORATION d/b/a THE FRYE COMPANY ("FRYE" or "Plaintiff"), for its complaint (the "Complaint") against MR. STEPS.COM ("MR. STEPS") and ARTHUR KWOK (collectively referred to hereinafter as "Defendants"), alleges upon knowledge as to its own acts and upon information and belief as to all other matters as follows:

## NATURE OF THE ACTION

1. This is an action for, among other claims, copyright infringement and unfair competition on the part of Defendants who copied multiple pages, photographs, images and textual product descriptions from Plaintiff's copyrighted

1

website, www.thefryecompany.com ("The Frye Website"), and are using same without permission to promote and sell product under Plaintiff's registered trademark.

2. As a result of Defendants' actions, Defendants have violated federal copyright laws, and common law and state unfair competition statutes.

3. Defendants' wrongful conduct, as described herein, continues unabated. Unless Defendants are restrained from infringing Plaintiff's intellectual property and competing unfairly in their business, Defendants will continue to irreparably harm Plaintiff and its reputation in the marketplace.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367 on the grounds that the Complaint asserts a cause of action for copyright infringement arising under the Copyright Act of 1976; false advertising and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); and for related New York statutory and common law claims of unfair competition arising from Defendants' improper use and misappropriation of Plaintiff's intellectual property.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 on the grounds that: (i) Defendants conduct business in this District, and (ii) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## PARTIES

6.  Plaintiff, Jimlar Corporation d/b/a The Frye Company, is a corporation organized and existing under the laws of the State of New York and maintains its principal offices at 160 Great Neck Road, Great Neck, NY 11021.

7.  Upon information and belief, Defendant MR. STEPS.COM is a company organized and doing business in the State of New York, and maintains its principal office at 144-35 Sanford Avenue, Suite 5E, Flushing, NY 11355.

8.  Upon information and belief, Defendant ARTHUR KWOK is an individual, and a principal in the aforementioned business known as MR. STEPS.COM, with an address at 144-35 Sanford Avenue, Suite 5E, Flushing, NY 11355.

## FACTUAL AVERMENTS

9.  The Frye Company was founded in 1863 and is believed to be the oldest continuously operating footwear company in the United States. FRYE supplies men's, women's and children's footwear under the famous FRYE name and registered trademark, which footwear is sold to the public through the Internet on Plaintiff's website www.thefryecompany.com, and through retail stores throughout the United States and Worldwide.

10. As a result of over 150 years of selling quality footwear, the Frye name and mark have acquired an excellent reputation within the trade and with the public of selling products of superior craftsmanship using high quality materials as well as providing quality customer service.

11. Since at least as early as April 1, 2004, FRYE has been offering for sale and selling its footwear on The Frye Website, accompanied by proprietary product photographs, images and textual product descriptions of its footwear products owned by FRYE.

12. On or about May 21, 2009, FRYE applied to the Register of Copyrights for a Certificate of Registration covering the automated online database entitled FRYE BOOTS WEBSITE, published updates from October 1, 2008 to December 31, 2008, which included photographs, images, artwork and textual product descriptions of Plaintiff's footwear products created by and/or for Plaintiff, and owned by FRYE. The Certificate was issued by the Register of Copyrights effective as of May 21, 2009 and bears the registration number TX 6-931-456 (hereinafter "The Frye Copyright Registration"). A true and correct copy of the Certificate is attached hereto as Exhibit 1.

### Defendant's Conduct

13. Upon information and belief, Defendants own and operate an online retail store business selling men's and women's footwear to consumers through the website www.mrsteps.com.

14. Upon information and belief, since at least as early as January 2009, Defendants began to offer for sale and are selling, items of footwear under the Frye name and trademark on its website without authorization from FRYE to do so.

15. The items of footwear which Defendants are offering to sell and are selling under the Frye name and trademark on the www.mrsteps.com website are offered for sale by displaying and using FRYE's proprietary photographs, images and

4

textual product descriptions which are identical to and copied from those appearing on The Frye Website, and which are the subject of the Certificate of Registration of Exhibit 1.

16.  FRYE has not granted Defendants permission to copy or use any photographs, images or textual product descriptions from its website or elsewhere.

17.  From a comparison of the respective websites, it is clear that the photographs, images and textual product descriptions appearing on Defendants' www.mrsteps.com website, are exact copies of FRYE's proprietary photographs, images and textual product descriptions which appear on Plaintiff's website. It appears that Defendants have copied Plaintiff's copyrighted product descriptions exactly, without modification. A side by side comparison of some of the photographs, images and textual product descriptions at issue is attached hereto as Exhibit 2.

18.  Upon information and belief, Defendants have offered for sale, and sold, and continue to sell footwear, under the Frye name and using FRYE's proprietary copyrighted photographs, images and product descriptions, at a price that is substantially lower than the price at which FRYE and its retail customers offer for sale and sell FRYE's corresponding products.

19.  On or about March 13, 2009, FRYE wrote Defendants a letter demanding that they cease and desist from copying and using FRYE's proprietary photographs, images and textual product descriptions. Defendants did not respond or cease their unlawful activities.

## DAMAGES COMMON TO ALL CLAIMS

20. By reason of the acts of the Defendants complained of herein, FRYE has suffered and continues to suffer monetary damages, in an amount to be determined, based upon the sales by Defendants through the www.mrsteps.com website using FRYE's proprietary and copyrighted materials.

21. The wrongful conduct of Defendants has deprived FRYE of goodwill and injured FRYE's relationship with retailers, distributors and the public.

22. As a result of the conduct of Defendants, FRYE is suffering, and will continue to suffer irreparable harm and damage. Defendants will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, to FRYE's irreparable injury. FRYE's remedy at law is not adequate to compensate for the injuries suffered and threatened.

## COUNT I

### (Copyright Infringement (Reg. No.: TX 6-931-456))

23. FRYE repeats and re-alleges each and every allegation contained in Paragraphs 1 through 22 as if fully set forth herein.

24. By the actions alleged above, Defendants have willfully infringed and will continue to infringe Plaintiff's copyright and Reg. No. TX 6-931-456 thereof in and relating to The Frye Website by marketing, copying and otherwise wrongfully using copyrighted materials from The Frye Website, including Plaintiff's proprietary images, photographs and textual product descriptions.

## COUNT II
### (False or Misleading Descriptions or Representations of Fact In Violation of Section 43(a))

25. FRYE repeats and re-alleges each and every allegation contained in Paragraphs 1 through 22 of this Complaint.

26. Defendants' misrepresentations and falsehoods, in copying Plaintiff's proprietary photographs, images and textual product descriptions from Plaintiff's website, and using the exact same photographs, images and textual product descriptions on its own website, and in using Plaintiff's name and registered trademark alongside and in conjunction with the copied photographs, images and textual product descriptions, in such a manner as to confuse the public as to the origin of the goods, or to lead the public to believe that Defendants are associated with or sponsored by FRYE, constitute the use of false descriptions and representations in interstate commerce.

27. Upon information and belief, Defendants employed the misrepresentations with full knowledge that same were false, misleading or deceptive, and with full intent to unfairly compete with Plaintiff. By reason of the foregoing acts, the trade and public is likely, and will continue, to be confused, misled and deceived as to the origin or affiliation or sponsorship, and the Plaintiff is now and will continue to suffer irreparable injury, including injury to its goodwill and reputation for which it has no remedy at law, in violation of Section 43(a) of the U.S. Trademark Act, as amended, 15 U.S.C. Sec. 1125(a).

## COUNT III
### (Common Law Unfair Competition)

28. FRYE repeats and realleges each and every allegation contained in Paragraphs 1 through 22 of this Complaint.

29. Defendants, by reason of the foregoing acts, have willfully and intentionally traded upon and appropriated to themselves the reputation and valuable goodwill of FRYE and acted to create likelihood of confusion and mistake on the part of the purchasing public and the trade as to the source or sponsorship of goods sold by Defendants. Defendants' acts are likely to lead the trade and public mistakenly to believe that Defendants' goods are in some way sponsored by, or associated with FRYE and create the false impression that Defendants' goods are distributed under FRYE's aegis and authority.

30. Defendants' activities constitute unfair competition, unprivileged imitation and a misappropriation and infringement of FRYE's rights, all to FRYE's injury and detriment. Defendants have engaged in the above conduct willfully, maliciously, and/or in reckless disregard of FRYE's rights.

31. The aforesaid acts of Defendants constitute infringement, misappropriation and misuse of FRYE's intellectual property, false advertising, passing off and unfair competition with FRYE in violation of the common law of the State of New York.

## COUNT IV

### (Against Defendants for Violation of Deceptive Trade Practices Act –

### Gen. Bus. Law § 349)

32. FRYE repeats and re-alleges each of the allegations set forth in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

33. Defendants' aforementioned conduct is false, misleading and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce and is misleading the public and injuring the good will and reputation of Plaintiff in violation of N.Y. Gen. Bus. Law §§ 349.

## COUNT V

### (Against Defendant for False Advertising - N.Y. Gen. Bus. Law § 350)

34. FRYE repeats and re-alleges each of the allegations set forth in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

35. By reason of the foregoing acts, Defendants have engaged in and are continuing to engage in acts which are misleading the public and injuring the good will and reputation of Plaintiff in violation of N.Y. Gen, Bus. Law § 350.

## COUNT VI

### (Injury to Business Reputation and Dilution – N.Y. Gen. Bus. Law § 360)

36. FRYE repeats and re-alleges each of the allegations set forth in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

37. Defendants, by willfully and intentionally copying and using on its website FRYE's proprietary images, photographs and product descriptions alongside and in conjunction with using Plaintiff's famous name and registered trademark, in such a

manner as to confuse the public as to the origin of the goods, and/or to lead the public to believe that Defendants' goods are in some way associated with or sponsored by FRYE, and having traded upon and appropriated to themselves the reputation and valuable goodwill of FRYE, have acted, and continue to act, in a manner injurious to Plaintiff's business reputation, and/or to dilute the distinctive character of Plaintiff's name and registered trademark in violation of New York Gen. Bus. Law § 360.

## **PRAYER FOR RELIEF**

**WHEREFORE**, FRYE requests that this Court enter judgment:

1. Preliminarily and permanently enjoining Defendants, and any and all officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendants who receive actual notice of the order by personal service or otherwise, from:

   a) copying or using FRYE's proprietary photographs, images and textual product descriptions,

   b) infringing U.S. Copyright Reg. No. TX-6-931-456,

   c) passing off or enabling others to sell or pass off goods, not manufactured, distributed or sold by FRYE, as and for the products of FRYE, or as associated with FRYE products,

   d) using in connection with offering for sale, or sale of any goods, any false advertising or false designation, description or representation; and

   e) otherwise infringing upon FRYE's copyrights or competing unfairly with FRYE.

2. Requiring Defendants to account to FRYE for any and all profits derived by it and for all damages sustained by FRYE by reason of the acts complained of herein, that the

damages and profits herein be trebled and that Defendants pay punitive damages to FRYE.

3. Requiring Defendants to pay to FRYE its costs and attorneys' fees along with prejudgment interest.

4. Requiring Defendants to make all reasonable efforts to retrieve all infringing goods sold, or otherwise distributed by it.

5. Requiring Defendants to deliver to Plaintiff for destruction, all products, product and packaging molds, catalogs, web pages, promotional materials, solicitations and all other documents in the possession of Defendants or under their control which is subject to the injunctive order of this Court.

6. Requiring Defendants to place advertisements as directed by this Court indicating that the goods sold by them in violation of Plaintiff's rights were not in any way connected with Plaintiff and that such goods are no longer being sold or marketed by it, and that Defendants will no longer distribute such goods.

7. Ordering such other and further relief as this Court deems just and proper.

Dated: 6/22/2009

EPSTEIN DRANGEL BAZERMAN & JAMES, LLP

By: _____
Robert L. Epstein (RE8941)
Jason M. Drangel (JMD 7204)
William C. Wright (WCW 2213)
Attorneys for Plaintiff
60 East 42nd Street
Suite 820
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391

## JURY DEMAND

Plaintiff, JIMLAR CORPORATION d/b/a THE FRYE COMPANY hereby demands a trial by jury of all issues so triable.

Dated: June 22, 2009  EPSTEIN DRANGEL BAZERMAN & JAMES, LLP

By: _____
Robert L. Epstein (RE 8941)
Jason M. Drangel (JMD 7204)
William C. Wright (WCW 2213)
Attorneys for Plaintiff
60 East 42nd Street
Suite 820
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391